United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

VINCENT CASTILLO MARENTES, an individual, LIUDMELA BICHEGKUEVA, an individual,

            Plaintiffs,

        v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

            Defendant.

Case No.  5:15-cv-05616-LHK (HRL)

**ORDER RE DISCOVERY DISPUTE REPORT NO. 1**

Re: Dkt. Nos. 44, 57

Vincent Marentes rear-ended Liudmela Bichegkueva while driving a tow truck owned by his employer, Extreme Towing.  The parties undoubtedly are well familiar with the factual and procedural history of this case, and so this court will not recite those matters in detail here.  In sum, Marentes claims that defendant State Farm Mutual Automobile Insurance Company (State Farm) failed to defend him in a personal injury lawsuit Bichegkueva filed against him in state court.  Specifically, Marentes says that Kevin Cholakian (the attorney State Farm eventually appointed as Marentes' defense counsel) abandoned him by arguing that there was no coverage under Marentes' State Farm policy and by failing to challenge a default judgment against him.  As part of a settlement of the state court action, Marentes agreed to assign to Liudmela his rights against State Farm.  Marentes and Liudmela then filed the instant lawsuit against State Farm for

alleged breach of the covenant of good faith and fair dealing, breach of contract, fraud and concealment, and violation of California Business and Professions Code § 17200.  The complaint was filed in state court, and State Farm removed the matter here, asserting diversity jurisdiction, 28 U.S.C. § 1332.

Plaintiffs subpoenaed Cholakian for a deposition and production of documents, and it was agreed that the deposition would proceed on Saturday, July 9, 2016.  The present discovery dispute arises out of billing records that plaintiffs say they wanted and which Cholakian refused to produce.  This court is told that Cholakian's deposition began at 9:00 a.m.; and, following a half-hour lunch break, the examination continued through 3:00 p.m. when the court reporter said that she had to leave for another appointment.  At that time, plaintiffs adjourned the deposition, with the examination to be continued another day.  Plaintiffs' counsel handed Cholakian a second (apparently unsigned) subpoena, requiring him to appear for deposition on July 19 and to produce documents, specifically including billing records.

Cholakian seeks an order quashing the second subpoena.  He contends that the document requests in plaintiffs' first subpoena were vague and poorly drafted and did not call for billing records.  He believes that his deposition was adjourned under false pretenses so that plaintiffs could get a subpoena "do-over."  For their part, plaintiffs seek an order compelling Cholakian to produce his firm's billing records re his insurance claim.  In plaintiffs' view, the billing records were fully encompassed by their first subpoena.  They further contend that Cholakian was well aware before he appeared for deposition that those records were being requested because, among other things, he advised counsel beforehand that he would not produce them.  Also, Marentes says that he has repeatedly requested that Cholakian's firm produce the claim file, including time records.

On July 19, Cholakian brought the matter before this court via a unilaterally filed discovery dispute report, which stated that plaintiffs would separately file their portion of the report the next day.  They didn't.  It was only after this court issued an interim order that plaintiffs filed their response to Cholakian's report on August 9.  Based on plaintiffs' separate report, it appears that Cholakian gave them only 2 hours to provide their portion of the would-be joint

1  discovery brief---during a time when Cholakian reportedly was aware that plaintiffs' counsel were

2  conducting depositions in this case and also preparing briefing on defendant's pending summary

3  judgment motion.  Additionally, plaintiffs say that even after Cholakian filed his unilateral report,

4  they continued to attempt to resolve the matter informally (to no avail) and were intending to

5  present the matter to this court (together with an issue on a different subpoena) sometime in late

6  August, after plaintiffs' lead counsel returns from a vacation in Fiji.

7       This court does not fault plaintiffs for their efforts to resolve this discovery dispute

8  informally; and, indeed, parties are always encouraged to do so.  However, leaving matters

9  unresolved until sometime after counsel's return from vacation is simply too late.  Pursuant to this

10  district's Civil Local Rules and this court's Standing Order re Civil Discovery Disputes, DDJRs

11  may not be filed more than 7 days after the discovery cutoff---here, August 11.  Civ. L.R. 37-3;

12  Standing Order, Section D.  Absent a court order, and with certain exceptions not applicable here,

13  parties cannot stipulate around deadlines for matters that are required to be filed with the court.

14  Civ. L.R. 6-1(b).

15       Nevertheless, inasmuch as the present dispute timely was filed, and because it appears that

16  Cholakian did not give plaintiffs reasonable time to prepare their portion of the discovery report,

17  this court will address the merits of the instant dispute.  Having considered the arguments

18  presented, this court rules as follows:

19       The Cholakian firm's billing records are encompassed by the document requests in

20  plaintiffs' first subpoena.  For example, Requests 1, 5, and 6 ask for "all writings between

21  CHOLAKIAN and STATE FARM re Vincent Marentes and/or Claim No. 05-33P6-219"; "all

22  writings between Cholakian and the Hayes Firm [State Farm's litigation counsel] re Claim No. 05-

23  33P6-219"; and "all writings re Claim No. 05-33P6-219 and/or Vincent Marentes."  (Dkt. 57-1 at

24  3).  Although these requests are broadly worded, they are not so broad as to seek documents that

25  are irrelevant or beyond the scope of permissible discovery.  Indeed, plaintiffs contend that the

26  invoices will show what work Cholakian did and when, and therefore are relevant to their

27  allegation that the Cholakian firm conspired with State Farm and its counsel to deprive him of a

28  defense.  The billing records are relevant or reasonably calculated to lead to the discovery of

United States District Court
Northern District of California

3

admissible evidence and are proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

The only other reason this court is told that Cholakian has not produced the requested time records is due to client privacy and confidentiality.  Marentes, however, is the one requesting the records.  And, plaintiffs say that State Farm has not asserted the attorney-client privilege as to the billing records and has already produced at least some of the requested invoices, telling plaintiffs that they will have to resolve disputes as to other invoices with Cholakian.  On this record, this court sees no reason why the requested billing records should not be produced.  Cholakian shall therefore produce the documents to plaintiffs forthwith.

Cholakian argues that his deposition is complete and that he should not be required to appear for a second one.  However, the first examination apparently lasted only 5.5 hours.  Unless otherwise stipulated or ordered by the court, a party may depose a witness for 7 hours (not including breaks).  Fed. R. Civ. P. 30(d).  But, that is not to say that plaintiffs can take the full 7 hours to depose an individual when there is no purpose for it.  Plaintiffs have not persuasively argued that the 7-hour limitation does not apply, notwithstanding that Cholakian did not produce the billing records the first time.  Nor have they identified how much time (if any) they need beyond the presumptive 7-hour limit, much less justified any such amount.  To the extent plaintiffs intend to complete Cholakian's deposition, they have 1.5 hours remaining (not including breaks).  Fact discovery having closed several weeks ago, under no circumstances should continuing with Cholakian's deposition (if plaintiffs choose to do so) cause disruption to the presiding judge's scheduling order.

SO ORDERED.

Dated:   August 25, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

4

5:15-cv-05616-LHK Notice has been electronically mailed to:

Brian J. Finn     bfinn@cholakian.net

Cherie M. Sutherland     csutherland@hayesscott.com, csinclaire@hayesscott.com

Jamie A. Radack     jradack@hayesscott.com, acalderon@hayesscott.com

Jon-Marc Dobrin     jmdobrinlaw@gmail.com, danejdurham1@comcast.net

Jordan S. Stanzler     jstanzler@sfcfirm.com, jcurtiss@stanzlerlawgroup.com, jstanzler@stanzlerlawgroup.com, srodd@stanzlerlawgroup.com

Stephen M. Hayes     shayes@hayesscott.com, dcorpus@hayesscott.com

Stephen P. Ellingson     sellingson@hayesscott.com, acalderon@hayesscott.com